UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| v. ) | C.A. No. 18-26-JJM-PAS |
| ) | |
| RICHARD ALLEN, ) | |
| Defendant. ) | |

ORDER

The Court granted in part Mr. Allen's motion to suppress evidence and statements elicited during an interrogation at the airport. ECF No. 59. This Court ruled that Mr. Allen was in custody when Homeland Security Investigations ("HIS") agents questioned him, finding that:

> Given the totality of the circumstances – being ordered to go to secondary by armed officers showing their badges, then lead down a locked corridor into a small room with a closed door to face organized questioning from the officers – the Court concludes based on the evidence presented that Homeland Security subjected Mr. Allen to a custodial interrogation.

*Id.* at 13. Once the Court determined that Mr. Allen was in custody, it then concluded that the HIS agents created a "deliberate two-step interrogation" causing a "presumptive taint over Mr. Allen's postwarning statements." *Id.* at 15.

The Government now moves this Court to reconsider its Order granting Mr. Allen's Motion to Suppress. ECF No. 63. In a supplement to its motion, the Government relies on a recent opinion from the First Circuit Court of Appeals, *United States v. O'Neal*, 17 F.4th 236 (1st Cir. 2021), affirming a district court's order denying a motion to suppress. Because the Court finds that *O'Neal* is dispositive of

whether Mr. Allen was in custody, the Court GRANTS the Government's Motion to Reconsider and DENIES Mr. Allen's Motion to Suppress.

In *O'Neal*, the First Circuit denied defendant's motion to suppress, finding that *Miranda* warnings were unnecessary because he was not in custody during the interrogation. The First Circuit focused on four aspects of Mr. O'Neal's case in finding that this was a non-custodial interrogation, specifically the setting, the number of agents present, the presence of weapons, and the length and tone of the questioning.

In *O'Neal*, the "door to the conference room was closed but not locked." *O'Neal*, 17 F.4th at 241. "The agents did not exercise physical control over [the defendant] or restrain him." *Id.* There were three officers present in the room and two stationed outside the room. *Id.* The First Circuit found the five officers "concerning, but not so overwhelming as to establish custody by itself." *Id.* The agents "carried concealed weapons, but they were never drawn." *Id.* The questioning went on for two and a half hours with the "tone of the conversation . . . relatively calm and not threatening." *Id.* (citation omitted). The First Circuit has "previously described a ninety-minute interview as relatively short." *Id.* Finally, the Court focused on "the two express statements agents made . . . telling him that he was indeed free to leave." *Id.* at 241-42. The First Circuit concluded that

> while the warnings alone may well have been insufficient to preclude a finding of custody, here they decisively tip the scales in favor of a conclusion that a reasonable person in O'Neal's spot would have believed that departure was an option. The agents were therefore not obligated to read O'Neal his *Miranda* rights before he made the incriminating statements at issue in this appeal.

*Id.* at 243.

Focusing on the same five factors, the Court finds that Mr. Allen was not in custody before agents gave him *Miranda* warnings. The facts of the setting for the questioning between the two cases are strikingly similar – Mr. Allen was unrestrained though in a closed room. There were two agents in the room with Mr. Allen and no one outside standing watch. The agents were armed but their guns were not visible. They only questioned Mr. Allen for about thirty-five minutes before they gave him his *Miranda* warnings and the tone during the questioning was cordial and non-threatening. ECF No. 59 at 3-5. The agents here at first informed Mr. Allen that he was "free to leave," could "walk out that door," and was not under arrest. Later in the questioning, the agents again told Mr. Allen that he was free to leave and that he did not have to speak to them any further if he did not want to. *Id.* at 5. In light of the *O'Neal* factors, this Court must reconsider its prior ruling and now finds that Mr. Allen was not in custody when the HIS agents questioned him and therefore, they did not have to read him his *Miranda* rights any sooner than they did.

The Court therefore GRANTS the Government's Motion for Reconsideration (ECF No. 63), VACATES its earlier Order (ECF No. 59), and DENIES Mr. Allen's Motion to Suppress. ECF No. 44.

IT IS SO ORDERED.

_____
John J. McConnell, Jr.
Chief Judge
United States District Court

January 6, 2022